IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARVEY L. MILLER, JR., et al.,

    Plaintiffs,

v.

OPENAI, INC. CHATGPT,

    Defendant.

CIVIL ACTION FILE NO.
1:25-cv-03548-VMC

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Harvey L. Miller, Jr. ("Miller") appears *pro se* and seeks to file this civil Complaint without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). [Doc. 1]. There are multiple *pro se* Plaintiffs bringing this action: Miller, Life Imitates Art, Inc., Fatassman Publishing, Inc., Speedy Productions, Inc., BSMMusic, LLC, Kevin Hallingquest, Harvey Miller Media Inc., Organic Music Marketing LLC, i2i Studios, Organic Music Distro, and GRGROUP. [Doc. 1-1]. Only Plaintiff Miller completed an application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. The undersigned finds that the IFP application must be denied for several reasons.

The Court must determine "whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Poverty in this context does not require that a person "be absolutely

destitute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Instead, a plaintiff seeking to proceed IFP must demonstrate that he cannot pay court fees and costs without forgoing "the necessities of life." Id.; see also Martinez, 364 F.3d at 1307. "A district court has wide discretion in ruling on an application for leave to proceed IFP and should grant the IFP privilege 'sparingly' in civil cases for damages." Thomas v. Chattahoochee Jud. Cir., 574 F. App'x 916 (11th Cir. 2014) (quoting Martinez, 364 F.3d at 1306).

Plaintiff Miller's Application to Proceed in District Court Without Prepaying Fees or Costs shows that he has sufficient funds to pay the filing fee. [Doc. 1]. Plaintiff Miller has declared under penalty of perjury that his monthly income is $20,000, the income amount expected next month is $250,000, he has over $30 million in assets, and his monthly expenses are $5,000. [Doc. 1 at 1-5]. Thus, Plaintiff Miller has failed to demonstrate that he is unable to pay the filing fee. See Hilliary v. FlightSafety Int'l, Inc., No. 1:17-CV-00999-AT-WEJ, 2017 WL 11316991, at *1 (N.D. Ga. Mar. 23, 2017), report and recommendation adopted, 2017 WL 11316994 (N.D. Ga. May 9, 2017) (denying IFP where the plaintiff had "$375.00 in disposable income left over each month" with "$767.00 cash on hand"); Crossley v. Armstrong Homes, Inc., No. 5:14-CV-636-OC-30PRL, 2014 WL 12617584, at *1 (M.D. Fla. Dec. 4, 2014) (finding that plaintiff did not meet his burden of showing an inability to pay the court filing fee

because "the monthly income of Plaintiff and his spouse is $2,592" and they "have a total of $2,284 in monthly obligations"), report and recommendation adopted, No. 5:14-CV-636-OC-30PRL, 2014 WL 12617583 (M.D. Fla. Dec. 22, 2014).

In addition, "although only one filing fee needs to be paid in each case, if multiple parties seek to proceed IFP, each party must qualify for IFP status." LH Properties II, LLC v. Absolute Med. Weight Loss, No. 1:18-cv-01051-CAP-AJB, 2018 WL 1833253, at *2 (N.D. Ga. Mar. 14, 2018), report and recommendation adopted, No. 1:18-CV-1051-CAP, 2018 WL 1858262 (N.D. Ga. Mar. 29, 2018). "As a result, the Court looks to [the other Plaintiffs] to determine whether [they] qualif[y] to proceed IFP." Id. (citing 28 U.S.C. § 1915(a)(1), (d); Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 206 (1993)). Here, at least one other natural person is named as a Plaintiff – Kevin Hallingquest, but there is only one affidavit of poverty. [Docs. 1, 1-1].

There are also numerous corporations and limited liability companies listed as Plaintiffs. [Doc. 1-1]. But "only a natural person may qualify for treatment *in forma pauperis* under § 1915." Rowland, 506 U.S. at 196. The IFP statute does not allow "an artificial entity such as an LLC or a corporation" to proceed IFP. LH Properties II, 2018 WL 1833253, at *2. "The IFP statute requires a party to file an affidavit supporting the person's allegation of poverty, but '[b]ecause artificial entities cannot

3

take oaths, they cannot make affidavits and artificial entities do not suffer poverty." Id. (quoting Rowland, 506 U.S. at 204).

Finally, the Plaintiffs which are corporations and limited liability companies claim to appear *pro se* in this lawsuit. But limited liability companies and corporations are artificial entities "that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); accord Rowland, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Therefore, Plaintiffs Life Imitates Art, Inc., Fatassman Publishing, Inc., Speedy Productions, Inc., BSMMusic, LLC, Harvey Miller Media Inc., Organic Music Marketing LLC, i2i Studios, Organic Music Distro, and GRGROUP cannot proceed *pro se*. Each of these Plaintiffs must retain counsel, i.e., a licensed attorney authorized to practice in this Court, to represent them in this action, and such counsel must file an entry of appearance.

For all these reasons, the undersigned **RECOMMENDS** that Plaintiff Miller's request to proceed IFP be **DENIED**. [Doc. 1]. The undersigned also **RECOMMENDS** that the other Plaintiffs, the corporations and limited liability companies, be ordered to retain counsel, i.e., a licensed attorney authorized to practice

4

in this Court, to represent each of them in this action, and such counsel be directed to file an entry of appearance.

If the District Court adopts this recommendation, the undersigned **FURTHER RECOMMENDS** that the Plaintiff Miller be ordered to pay the filing and administrative fees to the Clerk of Court within fourteen (14) days of the District Court's adoption of the undersigned's recommendation, if he wishes to proceed with this action; and that he be advised that failure to do so will result in dismissal of this action. The Clerk is **DIRECTED** to **TERMINATE** the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMEMDED AND DIRECTED**, this __1__ day of July, 2025.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE